STATE, EX REL. NELSON BUILDING COMPANY, RELATOR, v. CHARLES A. BINDA, INSPECTOR OF BUILDINGS OF THE TOWNSHIP OF WEEHAWKEN, COUNTY OF HUDSON, AND THE TOWNSHIP OF WEEHAWKEN, IN THE COUNTY OF HUDSON, RESPONDENTS.

Submitted March 23, 1925—Decided April 18, 1925.

**Municipalities—Zoning—Inspector's Refusal of Permit Sustained by Board of Appeals—Apartment-house in Zone "A"—Regulations as to Number of Families That May Occupy a Given Area so as to Limit to One and Two-Family Residences, Arbitrary—Township Without Building Code, and Regulates Building Through Zoning Ordinance—Peremptory Mandamus Allowed.**

On *mandamus*. On rule to show cause.

Before Justices KALISCH, BLACK and CAMPBELL.

For the relator, *William F. Burke.*

For the respondents, *William S. Stuhr.*

PER CURIAM.

Relators being the owners of a plot of land on Boulevard East, near Duer place, in the township of Weehawken, prepared plans and specifications for the erection of an apartment-house thereon, and applied to the respondent Binda, building inspector, for a permit for the erection thereof, which permit was refused upon the ground that the proposed building, if erected, would be in violation of the zoning ordinance of Weehawken.

The property of relator is in residence A zone, as established and fixed by the zoning ordinance, and the provisions of the ordinance are such as to restrict such zone to the erection of dwellings to be occupied by one family only.

After refusal of the building inspector to issue the permit, relator applied to the zoning board of appeals, obtaining

no relief thereby. On the contrary, such board of appeals, by its report addressed to the township committee, recommended that such action be taken by that committee "as may be deemed advisable to enjoin a violation of section 9 of the zoning ordinance."

Relator, having pursued the methods of relief fixed by statute, is in that respect in a position to ask relief of this court by way of *mandamus*.

We think relator is entitled to relief by our writ.

The township of Weehawken has no building code, but seeks to regulate building through and by the provisions of its zoning ordinance.

There are undoubtedly many provisions of such ordinance which are proper, but there are some which in our opinion are not.

The regulations as to number of families that may occupy a given building per area of land covered are such as arbitrarily limit certain areas to one and two-family residences only.

This is so as to residence zone A, in which relator's property is situate. We can find no reasonable ground for such restriction.

In the proofs taken under this rule it was attempted to be shown that relator's land, situated on the edge of the Palisades, was an unsafe place upon which to erect the proposed building. This was not the reason for refusing the permit, and the evidence upon this point is not satisfying.

As all the facts are as fully before us as if the matter were being heard under an alternative writ of *mandamus,* the relator is entitled to and may have a peremptory writ with leave on the part of respondents to have the pleadings molded in the event that it is desired to take an appeal.